OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2026 AUG 13 A 9:16

VANIA S. ALLEN
CLERK
BY: LKH
DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

In re:

**JDS-Q SERVICES, LLC,**

Alleged Debtor.

**Case No. 26-60117-PMB**

Chapter 7

Involuntary Case

Judge Paul M. Baisier

**MOTION TO ENLARGE TIME TO CURE SERVICE OMISSION, EXTEND AUGUST 12 SUPPLEMENTATION DEADLINE, AUTHORIZE LIMITED SUPPLEMENTAL CREDITOR PUBLICATION, CONTINUE OR LIMIT AUGUST 13 HEARING, AND FOR LEAVE TO SUPPLEMENT**

Derek Jones, the Petitioning Creditor proceeding pro se, respectfully moves under Federal Rules of Bankruptcy Procedure 1003(c), 1010, 1018, 2002(l), 7004(b)(3), 7004(e), 7015, 9006(b)(1), 9008, 9013, and 9014; 11 U.S.C. Section 303(c); and Bankruptcy Local Rules 5071-1, 9006-1, 9013-1, and 9014-1. Jones requests a short enlargement of the expired service deadline based on excusable neglect, additional time to comply with the Court's August 3, 2026 supplementation directive, limited supplemental publication to identify persons who may hold prepetition claims, and corresponding treatment of the August 13, 2026 hearing. Jones states as follows.

## I. EXISTING ORDER AND DEADLINES

**1.** On July 31, 2026, Jones filed an involuntary Chapter 7 petition against JDS-Q Services, LLC, together with a declaration and an emergency motion concerning preservation of the Lighthouse Court property and proceeds.

**2.** On August 3, 2026, the Court entered Docket No. 5. The Order set a hearing for August 13, 2026 at 10:00 a.m.; directed Jones to serve the summons and a copy of the Petition on JDS-Q Services, LLC on or before August 6, 2026 and promptly file evidence of service; and directed Jones to file by 12:00 p.m. on August 12, 2026 the written agreement supporting his asserted $50,000 claim and evidence supporting venue in this District.

**3.** No prior extension of the August 6 service deadline or the August 12 supplementation deadline has been granted.

**4.** The service deadline has expired. Jones therefore seeks relief under Rule 9006(b)(1)(B), which permits an enlargement after expiration when the failure to act resulted from excusable neglect.

## II. GOOD-FAITH NOTICE EFFORTS AND THE SERVICE OMISSION

**5.** Jones states that JDS-Q Services, LLC did not notify him that the property commonly known as 1035 Lighthouse Court, Grand Prairie, Texas 75104 had been placed into foreclosure before he independently discovered the foreclosure listing shortly before the scheduled August 4, 2026 sale.

**6.** Before filing this bankruptcy case, Jones caused a written default and foreclosure demand to be sent to JDS-Q Services, LLC concerning the property

and the threatened foreclosure. That effort reflects Jones's attempt to communicate directly with JDS-Q concerning the default and foreclosure before seeking bankruptcy relief.

**7.** On August 3, 2026 at approximately 8:33 a.m., Jones sent an email to lb@jdsqservices.com and copied SettlePou at fincen@settlepou.com. The email stated that a bankruptcy filing concerned the Lighthouse Court property, requested removal of the property from the foreclosure list, and included a bankruptcy-related PDF attachment. A true copy of the email thread is attached as Exhibit B.

**8.** At approximately 11:22 a.m. the same day, William Jennings of SettlePou responded to Jones and copied lb@jdsqservices.com, stating that the communication had been received and that the trustee had confirmed cancellation of the foreclosure sale. Exhibit B.

**9.** Jones had also undertaken notice efforts directed to the lender and foreclosure parties. In the urgency surrounding the imminent foreclosure, Jones mistakenly believed that his bankruptcy-related email and related notice efforts had completed the service required in connection with the filing.

**10.** After reviewing the Court's August 3 Order and his service record more carefully, Jones discovered that he had not separately completed formal service of the Clerk-issued summons and a copy of the Involuntary Petition on JDS-Q Services, LLC by the August 6 deadline.

**11.** Jones does not contend that the August 3 email constituted formal service under Rules 1010 and 7004. He discloses it because it documents his contemporaneous effort to notify JDS-Q and the foreclosure parties and explains why he became confused about whether the formal service step had already been completed.

**12.** The omission was inadvertent. Jones accepts responsibility for the procedural mistake and seeks to cure it rather than conceal or minimize it.

**13. Upon identifying the service problem, Jones took additional immediate corrective action. On August 8, 2026 at 11:41 a.m., a FedEx Standard Overnight package was sent to JDS-Q Services, LLC at 445 East FM 1382, Suite 3761, Cedar Hill, Texas 75104. The FedEx receipt identifies Receipt No. FTYKK00231338, Tracking No. 875507800993, and a scheduled delivery date of August 10, 2026. Jones also states that FedEx packages were sent to SettlePou and BD Capital as part of his contemporaneous efforts to give notice to the lender and foreclosure-related parties. A true copy of the JDS-Q FedEx receipt is attached as Exhibit C.**

**14. Jones offers the FedEx transmissions to JDS-Q, SettlePou, and BD Capital solely as evidence of prompt notice and corrective efforts and good faith. Jones does not represent that any FedEx shipment, standing alone, satisfies formal service of the summons and Petition under Rules 1010 and 7004. The attached JDS-Q receipt establishes the shipment shown on its face but, standing alone, does not establish the contents of the package. Jones requests authority and time to complete formal service with a current Clerk-**

**issued summons and a copy of the Petition in the manner required by Rule 7004.**

### III. EXCUSABLE NEGLECT SUPPORTS A SHORT ENLARGEMENT OF THE SERVICE DEADLINE

**15.** Rule 9006(b)(1)(B) authorizes the Court, on motion made after expiration of a specified period, to enlarge the time when the failure to act resulted from excusable neglect. Fed. R. Bankr. P. 9006(b)(1)(B).

**16.** The Supreme Court directs courts considering excusable neglect to evaluate all relevant circumstances, including prejudice to the opposing party, the length of the delay and its potential effect on the proceedings, the reason for the delay including whether it was within the movant's reasonable control, and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The Eleventh Circuit applies those equitable factors and has emphasized the importance of prejudice and efficient judicial administration. Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996).

**17.** Those factors support a limited cure period here. JDS-Q received bankruptcy-related electronic notice before the August 6 deadline, foreclosure counsel acknowledged the communication on August 3, the foreclosure sale was canceled, the service omission was discovered within days, and Jones promptly took additional corrective action on August 8. Jones seeks no tactical advantage from the omission.

**18.** Jones recognizes that completing formal service was within his responsibility. The reason for the omission is the confusion created by multiple urgent notice efforts surrounding an imminent foreclosure, not an inability to understand that formal service is required. Jones therefore asks the Court to evaluate the mistake in the context of the documented notice efforts, the short delay, the corrective FedEx shipment, and his present request to complete Rule-compliant service immediately.

**IV. PROPOSED CURE OF FORMAL SERVICE**

**19.** Rule 1010 requires the Clerk to issue a summons and requires the summons to be served with a copy of the involuntary petition in the manner provided by Rule 7004(a) and (b). Rule 7004(b)(3) permits service by first-class mail, postage prepaid, directed to an officer, managing or general agent, or other authorized agent of a corporation or other unincorporated association.

**20.** Rule 7004(e)(1) requires a summons served by mail to be deposited in the mail within seven days after issuance; if not timely mailed, a new summons must be issued. Jones has not located in the present record reliable evidence establishing that an earlier summons remains within that seven-day period. He therefore requests that the Clerk issue or reissue a current summons if necessary.

**21.** Upon issuance or confirmation of a current summons, Jones proposes to mail the current summons and a copy of the July 31 Petition by First-Class United States Mail, postage prepaid, directed to LaQuonda L. Brewer in her capacity as Manager or Registered Agent as reflected in records available to Jones. To reduce

uncertainty concerning address information, Jones proposes mailing to both 7750 N. MacArthur Blvd., Suite 120-106, Irving, Texas 75063-7514 and 445 East FM 1382, Suite 3761, Cedar Hill, Texas 75104, and promptly filing proof of service. Jones may also send a courtesy electronic copy to lb@jdsqservices.com, but will not rely on email as the Rule 1010 service method.

**22.** Jones requests that the Court enlarge the expired August 6 service deadline through seven days after issuance or reissuance of the current summons, or such other date as the Court determines appropriate.

## V. ADDITIONAL TIME TO SUPPLEMENT THE RECORD

**23.** The Court directed Jones to file by noon on August 12 a copy of the written agreement he contends establishes the fixed and noncontingent liability of JDS-Q to him and the venue evidence referenced in his Declaration.

**24.** Jones learned of the foreclosure shortly before the scheduled sale and filed under severe time pressure. He seeks additional time to collect, organize, authenticate, and file the written agreement, proof of funding, venue evidence, creditor-count information, and evidence bearing on whether JDS-Q generally was paying its debts as they became due. The additional time is requested to improve the evidentiary record, not to excuse the substantive requirements of 11 U.S.C. Section 303.

**25.** Jones requests that the August 12, 2026 supplementation deadline be enlarged to September 9, 2026 at 12:00 p.m., subject to any earlier or different date the Court determines appropriate.

## VI. LIMITED SUPPLEMENTAL PUBLICATION AND POTENTIAL CREDITOR JOINDER

**26.** Jones did not possess a verified creditor list when the Petition was filed. He seeks limited supplemental publication so persons or entities that believe they held prepetition claims against JDS-Q can review the case and, if appropriate, obtain independent counsel concerning their rights.

**27.** Rule 2002(l) authorizes the Court to order notice by publication when mail notice is impracticable or when publication is desirable to supplement notice. Rule 9008 directs the Court to determine the form and manner of any authorized publication, including the medium and number of publications.

**28.** Jones requests authority to publish the neutral notice attached as Exhibit A once weekly for two consecutive weeks in a newspaper of general circulation in Dallas County, Texas. The proposed notice expressly states that it is supplemental only, does not constitute service of the summons or Petition, does not establish any claim, and does not itself join any creditor to the case.

**29.** Section 303(c) permits qualifying creditors to join an involuntary petition before the case is dismissed or relief is ordered. Rule 1003(c) provides that if there appear to be twelve or more creditors, the Court must allow a reasonable time for other creditors to join before holding a hearing on the petition. Jones does not ask the Court to find at this stage that twelve or more creditors exist or that any responding creditor qualifies. If the Court determines publication is unnecessary at this stage, Jones requests that denial of publication be without prejudice to the remaining relief requested in this Motion.

## VII. AUGUST 13 HEARING

**30.** Rule 1011(b) provides that a defense or objection to an involuntary petition ordinarily must be filed and served within twenty-one days after the summons is served. Jones requests that the August 13 hearing be continued to a date that allows formal service and an appropriate response period, or, alternatively, that the August 13 hearing be limited to status, service cure, supplementation deadlines, and any interim matters the Court determines may properly be heard at that time.

**31.** Bankruptcy Local Rule 5071-1 provides that a hearing continuance requires Court approval. Jones understands that the August 13 hearing remains in effect unless the Court enters a written order changing it, and he will appear unless the Court orders otherwise.

## VIII. LEAVE TO SUPPLEMENT AND, IF NECESSARY, AMEND

**32.** To the extent the additional evidence requires a supplemental declaration, memorandum, or amendment of a pleading in the contested involuntary proceeding, Jones requests leave to file the appropriate paper. Rule 1018(a) makes Rule 7015 applicable to a proceeding contesting an involuntary petition, and Rule 7015 incorporates Federal Rule of Civil Procedure 15. Leave to amend should be freely given when justice so requires. Foman v. Davis, 371 U.S. 178, 182 (1962).

**33.** Jones does not seek leave to manufacture facts, alter documents, create claims, or avoid the statutory requirements for an involuntary petition. Any

supplementation will be based on evidence that can be truthfully supported and will remain subject to Rule 9011 and the Court's determination of the merits.

## IX. REQUESTED RELIEF

**a.** find that the circumstances described above constitute excusable neglect under Rule 9006(b)(1)(B) and enlarge the expired August 6 service deadline;

**b.** direct the Clerk to issue or reissue a current summons if the existing summons is stale under Rule 7004(e), and allow Jones seven days after issuance or reissuance to complete Rule 1010 and Rule 7004 service and promptly file proof;

**c.** extend the August 12 supplementation deadline to September 9, 2026 at 12:00 p.m., or another date the Court sets;

**d.** authorize the limited supplemental newspaper notice attached as Exhibit A once weekly for two consecutive weeks, or deny that discrete request without prejudice while granting the remaining relief;

**e.** if it appears that twelve or more creditors exist, establish a reasonable joinder period consistent with Rule 1003(c) and 11 U.S.C. Section 303(c);

**f.** continue the August 13 hearing to a date after formal service and an appropriate response period, or limit that hearing to status and procedural matters;

**g.** grant leave to supplement and, to the extent necessary, amend in accordance with Rule 1018 and Rule 7015; and

**h.** grant such other relief as the Court determines lawful and appropriate.

WHEREFORE, Derek Jones respectfully requests entry of an order granting the relief stated above.

Respectfully submitted this 10th day of August, 2026.

_______________________________

**Derek Jones**

Petitioning Creditor, Pro Se

110 Walter Way, No. 1005

Stockbridge, Georgia 30281

Telephone: 404-916-9707

Email: keredsenoj@gmail.com

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | |
|---|---|
| In re: | **Case No. 26-60117-PMB** |
| **JDS-Q SERVICES, LLC,** | Chapter 7 |
| Alleged Debtor. | Involuntary Case |
| | Judge Paul M. Baisier |

**DECLARATION OF DEREK JONES IN SUPPORT OF MOTION**

I, Derek Jones, declare under penalty of perjury under 28 U.S.C. Section 1746 that the following statements are true and correct based on my personal knowledge.

**1.** I am the Petitioning Creditor in this case and am proceeding pro se.

**2.** On April 22, 2026, I advanced $3,500.00 to JDS-Q Services, LLC in connection with the property commonly known as 1035 Lighthouse Court, Grand Prairie, Texas 75104.

**3.** I contend that JDS-Q Services, LLC agreed in writing to pay me $50,000.00 in connection with the Property. I understand that the Court has not determined the validity, enforceability, maturity, amount, or bankruptcy eligibility of my asserted claim.

**4.** JDS-Q Services, LLC did not notify me before I independently learned that the Property had been placed into foreclosure and scheduled for an August 4, 2026 sale.

**5.** Before filing the bankruptcy case, I caused a written default and foreclosure demand concerning the Property to be sent to JDS-Q Services, LLC.

**6.** On August 3, 2026 at approximately 8:33 a.m., I sent a bankruptcy-related email to lb@jdsqservices.com and copied SettlePou at fincen@settlepou.com. I intended that communication to notify JDS-Q and the foreclosure parties of the bankruptcy filing and the need to stop the scheduled sale.

**7.** Later on August 3, William Jennings of SettlePou responded to me and copied lb@jdsqservices.com, stating that the communication had been received and that the trustee had confirmed cancellation of the foreclosure sale.

**8.** Because I had sent the bankruptcy-related email and had undertaken other urgent notice efforts concerning the lender and foreclosure parties, I mistakenly believed that I had completed the service required in connection with the bankruptcy filing.

**9.** When I later reviewed the Court's Order and my service records more carefully, I discovered that I had not separately completed formal service of the Clerk-issued summons and a copy of the Involuntary Petition on JDS-Q Services, LLC by August 6, 2026.

**10.** I did not intentionally fail to serve JDS-Q. I confused my electronic and foreclosure-related notice efforts with completion of formal bankruptcy service. I accept responsibility for that mistake and am seeking to correct it promptly.

**11. On August 8, 2026 at 11:41 a.m., a FedEx Standard Overnight package was sent to JDS-Q Services, LLC at 445 East FM 1382, Suite 3761, Cedar Hill, Texas 75104. The receipt shows Tracking No. 875507800993 and a scheduled delivery date of August 10, 2026. I also used FedEx to send packages to SettlePou and BD Capital as part of my effort to give notice to the lender and foreclosure-related parties.**

**12. I understand that the FedEx transmissions demonstrate additional notice and corrective efforts but do not, by themselves, establish formal service of the summons and Petition on JDS-Q under Rules 1010 and 7004. I will not represent formal service as complete until I have served a current Clerk-issued summons with the Petition in the required manner and can truthfully file proof.**

**13.** I did not have a verified list of JDS-Q Services, LLC creditors when I filed the Petition. I need additional time to obtain and organize the written agreement, proof of funding, evidence supporting venue, creditor-count information, and evidence bearing on whether JDS-Q generally was paying its debts as they became due.

**14.** I request permission to publish the neutral notice attached as Exhibit A as supplemental creditor outreach. I will not treat a response to the notice as proof of a claim or proof that the responding person is eligible to join the Petition.

**15.** I understand that the August 13 hearing remains in effect unless the Court enters a written order changing it.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 10, 2026.

**Derek Jones**
Petitioning Creditor, Pro Se
110 Walter Way, No. 1005
Stockbridge, Georgia 30281
Telephone: 404-916-9707
Email: keredsenoj@gmail.com

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | |
|---|---|
| In re: | **Case No. 26-60117-PMB** |
| **JDS-Q SERVICES, LLC,** | Chapter 7 |
| Alleged Debtor. | Involuntary Case |
| | Judge Paul M. Baisier |

**EXHIBIT A - PROPOSED SUPPLEMENTAL NEWSPAPER NOTICE**

**NOTICE TO PERSONS ASSERTING PREPETITION CLAIMS AGAINST JDS-Q SERVICES, LLC**

An involuntary Chapter 7 petition was filed against JDS-Q Services, LLC on July 31, 2026 in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 26-60117-PMB. No order for relief has been entered as of the date of this notice.

Persons or entities that believe they held a claim against JDS-Q Services, LLC before July 31, 2026 may review the public court docket and consult independent bankruptcy counsel concerning any rights they may have.

This notice is supplemental creditor outreach only. It is not service of the summons or petition, is not a solicitation, does not establish the validity or amount of any claim, does not establish that any person is an eligible petitioning creditor, and does not determine venue, creditor count, or the merits of the involuntary case.

A creditor considering joinder must independently satisfy 11 U.S.C. Section 303 and the applicable Federal Rules of Bankruptcy Procedure and must file any appropriate joinder or other paper directly with the Bankruptcy Court. Sending information to Derek Jones does not join the petition or file anything with the Court.

For nonbinding claim and contact information only, correspondence may be sent to Derek Jones, Petitioning Creditor, 110 Walter Way, No. 1005, Stockbridge, Georgia 30281, email keredsenoj@gmail.com. No compensation, purchase, assignment, or transfer of a claim is sought through this notice.

Clerk of Court: United States Bankruptcy Court, Northern District of Georgia, Atlanta Division, Room 1340, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. Case No. 26-60117-PMB.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | |
|---|---|
| In re: | **Case No. 26-60117-PMB** |
| **JDS-Q SERVICES, LLC,** | Chapter 7 |
| Alleged Debtor. | Involuntary Case |
| | Judge Paul M. Baisier |

**EXHIBIT B**

**AUGUST 3, 2026 EMAIL THREAD**

The following pages reproduce the email thread showing Jones's August 3 bankruptcy-related email to lb@jdsqservices.com, copied to SettlePou, and foreclosure counsel's same-day response confirming receipt of the communication and cancellation of the foreclosure sale.

Gmail

**Steven Brewer <stb2275@gmail.com>**

## 1035 Lighthouse Court Cedar Hill TX 75104

2 messages

**Derek Jones** <keredsenoj@gmail.com> Mon, Aug 3, 2026 at 8:33 AM
To: lb@jdsqservices.com
Cc: fincen@settlepou.com

Please see file on bankruptcy on the subject matter of:

1035 Lighthouse Court
Cedar Hill, Texas 75104

Please remove this off of your foreclosure list urgently. Please Confirm via email that it has been removed

Derek Jones F/B/O Sablewick Holding Group LLC
"Confido sed Cognscere"

This message is confidential, intended only for the named recipient(s), and may contain information that is privileged or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that retention, dissemination, distribution, or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at the e-mail address, fax number, or telephone number above and delete this e-mail from your computer or discard this fax. If you have obtained this information without written or verbal consent, you can be held in violation of Federal Law.

**BRW749779B02935_000361.pdf**
1638K

**William Jennings** <WJennings@settlepou.com> Mon, Aug 3, 2026 at 11:22 AM
To: Derek Jones <keredsenoj@gmail.com>, "lb@jdsqservices.com" <lb@jdsqservices.com>
Cc: FinCEN <FinCEN@settlepou.com>

This has been received and our trustee has confirmed the sale cancellation.

Thank you,

**WILLIAM JENNINGS**
ATTORNEY

SettlePou
Values in Practice
DALLAS • HOUSTON • MEMPHIS • TULSA • DENVER
LITTLE ROCK • ALBUQUERQUE • OKLAHOMA CITY

3333 LEE PARKWAY

EIGHTH FLOOR

DALLAS, TX 75219

214.520.3300 main

800.538.4661 toll free

214.560.4240 direct

214.526.4145 fax

SETTLEPOU.COM

The Dallas Morning News
TOP 100
PLACES TO WORK
2009-2012 | 2018-2020

The information transmitted in this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, transmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient(s) is prohibited. Unless expressly stated in this e-mail, nothing in this message should be construed as a digital or electronic signature. If you received this in error, please contact the sender and delete the material from any computer.

[Quoted text hidden]

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | |
|---|---|
| In re: | **Case No. 26-60117-PMB** |
| **JDS-Q SERVICES, LLC,** | Chapter 7 |
| Alleged Debtor. | Involuntary Case |
| | Judge Paul M. Baisier |

**EXHIBIT C**

**AUGUST 8, 2026 FEDEX RECEIPT**

The receipt is offered as evidence of prompt corrective effort after the service omission was identified. It is not offered as proof that Rule 1010 and Rule 7004 formal service was completed.


FedEx Office
1992 Mount Zion Rd
Morrow, GA 30260-3316
770.478.8648
August 8, 2026 11:41 AM
Receipt #: FTYKK00231338
FedEx Express
FedEx Standard Overnight $37.90
875507800993
Recipient Address
JDSQ Services, LLC
445 East FM 1382 cedar hill
Ste 3761
CEDAR HILL, TX 75104, US
999-999-9999
Scheduled Delivery Date: 08/10/2026
Pricing Option: One Rate
Package Information: FedEx Envelope
Additional Services:
FEDEX_ONE_RATE
Package Weight: .10 lb (M)
Declared Value: $10
Express Subtotal

FedEx receipt dated August 8, 2026 at 11:41 a.m.; Tracking No. 875507800993; scheduled delivery August 10, 2026.