**IT IS ORDERED as set forth below:**

**Date: September 4, 2026**

**Paul Baisier**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>**JDS-Q SERVICES, LLC,**<br><br>Alleged Debtor. | Case Number:<br>**26-60117-PMB**<br><br>CHAPTER 7 |

**ORDER DENYING EMERGENCY MOTION TO PRESERVE PROPERTY AND PROCEEDS AND TO ENFORCE THE AUTOMATIC STAY**

On July 31, 2026, Derek Jones (the "Petitioning Creditor"), proceeding *pro se*, filed an involuntary petition under Chapter 7 of the Bankruptcy Code (Docket No. 1)(the "Petition") against JDS-Q Services, LLC (the "Alleged Debtor"), thereby commencing the above-captioned case. That same day, the Petitioning Creditor also filed a *Declaration of Derek Jones in Support of Involuntary Chapter 7 Petition* (Docket No. 2)(the "Declaration") and an *Emergency Motion to Perserve [sic] Property and Proceeds and to Enforce the Automatic Stay* (Docket No. 3)(the "Motion").

In the Motion, the Petitioning Creditor asserts that he holds a fixed and noncontingent claim against the Alleged Debtor in the amount of $50,000 arising from a signed written agreement, and

that certain real property known as 1035 Lighthouse Court, Grand Prairie, Texas 75104 (the "Property") is encumbered by a deed of trust for the benefit of BD Capital SE LLC and is scheduled for a substitute trustee's foreclosure sale on August 4, 2026. In the Motion, the Petitioning Creditor cites 11 U.S.C. §§ 105(a), 303(f), and 362(a) and asks the Court to confirm that the automatic stay bars any foreclosure sale or other enforcement action against the Alleged Debtor or property of the bankruptcy estate; to direct the Alleged Debtor not to sell, transfer, convey, encumber, refinance, assign, or otherwise dispose of the Property; to direct that any proceeds connected with the Property be preserved in a segregated escrow account; to direct that the Alleged Debtor, BD Capital SE LLC, the loan servicer, SettlePou, and any substitute trustees preserve records and documents concerning the Property; and to set the Motion for an expedited hearing.

On August 3, 2026, the Court entered an *Order and Notice of Hearing on Emergency Motion and Directing Petitioning Creditor to (I) Supplement Pleadings and (II) Serve Petition and Summons* (Docket No. 5)(the "Order and Notice"). In the Order and Notice, the Court set the Motion for a hearing on August 13, 2026 (the "First Hearing") and directed the Petitioning Creditor to file the written agreement that he contends establishes his claim against the Alleged Debtor, along with the evidence referenced in, but not attached to, the Declaration showing that this District is a proper venue for this case. The Order and Notice also directed the Petitioning Creditor to serve the summons and a copy of the Petition upon the Alleged Debtor as required by Federal Rule of Bankruptcy Procedure 1010(a) and to file evidence of such service promptly thereafter.

The Petitioning Creditor appeared at the First Hearing, but the Alleged Debtor did not. Because the Petitioning Creditor had neither filed the documents evidencing his claim against the Alleged Debtor nor shown that this District is a proper venue for this case, the Court continued the First Hearing to August 31, 2026 (the "Second Hearing") to afford him additional time to do both.

Prior to the Second Hearing, on August 28, 2026, the Petitioning Creditor filed a *Motion for Leave to Supplement the Record and Notice of Filing Attached Exhibits* (Docket No. 11)(the "Motion for Leave") with two documents attached to it as exhibits. Those documents relate to the claim of the Petitioning Creditor against the Alleged Debtor but neither of them demonstrates that this District is a proper venue for this case. The Petitioning Creditor appeared at the Second Hearing, but the Alleged Debtor did not, and the Petitioning Creditor again failed to demonstrate that this District is a proper venue for this case. Further, the Petitioning Creditor has not served the summons and a copy of the Petition upon the Alleged Debtor.[1] As such, two (2) deficiencies identified in the Order and Notice remain: the Petitioning Creditor has not shown that this District is a proper venue for this case, and he has not served the summons and a copy of the Petition upon the Alleged Debtor.

As a result of those deficiencies and in light of the foregoing, and after review of the Motion, the docket, and the record made at the First Hearing and the Second Hearing, it is hereby

**ORDERED** that the Motion is **DENIED** without prejudice.

The Clerk's Office shall serve a copy of this Order on the Petitioning Creditor, the Alleged Debtor, the United States Trustee, and all parties served with the Motion.

**[END OF DOCUMENT]**

[1] No summons has been issued in this case. As of the entry of this Order, no summons appears on the docket, and the Court is therefore unable to determine that the Petitioning Creditor has served, or could have served, a summons upon the Alleged Debtor as directed in the Order and Notice and as required by Federal Rule of Bankruptcy Procedure 1010(a).