| | |
|---|---|
| **From:** | USBankruptcyCourts@noticingcenter.com |
| **To:** | GANBml_BNC Notices |
| **Subject:** | U.S. Bankruptcy Court, Northern District of Georgia - Returned Mail Notice, In re: JDS-Q Services, LLC, Case Number: 26-60117, pmb, Ref: [p-261816623] |
| **Date:** | Thursday, September 24, 2026 5:16:32 PM |
| **Attachments:** | R_P926601174310051.PDF |

Notice of Returned Mail to Debtor/Debtor's Attorney

September 24, 2026

From: United States Bankruptcy Court, Northern District of Georgia

Re: U.S. Courts, Bankruptcy Noticing Center - Returned Mail Notice

In re: JDS-Q Services, LLC, Case Number 26-60117, pmb

TO THE DEBTOR/DEBTOR'S ATTORNEY:

The bankruptcy court, through its Bankruptcy Noticing Center (BNC), attempted to mail the attached document to the recipient(s) listed below. However, the document was returned to the BNC as undeliverable. Please be advised that dischargeability of a debt may be affected if a creditor fails to receive certain notices. You should determine whether the address should be updated.

**IMPORTANT**: THIS FORM MAY BE USED TO CHANGE A CREDITOR'S ADDRESS **ONLY IF** YOU LISTED THE CREDITOR IN YOUR SCHEDULES PREVIOUSLY. YOU CANNOT USE THIS FORM TO ADD A NEW CREDITOR.

Please confirm with the bankruptcy court whether this form may be used in place of filing a separate notice of change of address and/or an amended schedule. If so, please: 1) determine the updated address and send the attached document to the notice recipient; 2) type or print legibly the updated address below; 3) sign and date the form; and 4) file this form electronically via CM/ECF (for all registered users) or mail the form to:

**U.S. Bankruptcy Court**
**Atlanta Division**
**1340 United States Courthouse**
**75 Ted Turner Drive SW**
**Atlanta, GA 30303**

| Notice Recipient's Address on Envelope Returned to the Bankruptcy Noticing Center: | THE UPDATED ADDRESS IS: |
|---|---|
| JDS-Q Services, LLC<br>1035 Light House Court<br>Grand Prairie, TX 75104-6932 | ______________________<br>______________________<br>______________________<br>______________________ |

______________________________ ______________
Signature of Debtor or Debtor's Attorney Date

**UNITED STATES BANKRUPTCY COURT**

Northern District of Georgia
Atlanta Division 1340 United States Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404–215–1000

---

In Re: **JDS–Q Services, LLC**

Debtor(s)

Case No.: **26–60117–pmb**
Chapter: **7**
Judge: **Paul Baisier**

---

**NOTICE OF DEFICIENCY**

You are hereby notified that Document # 11 filed on August 28, 2026, is deficient for the following reasons:

Missing signature(s) as required by FRBP 9011.

Failure to timely remedy the deficiency noted above may delay prompt administration of the case, including, but not limited to, the timely entry of the debtor's discharge. If this matter is pending before the Court, this Notice of Deficiency does not alter any pending deadlines or remove scheduled hearings from the Court's calendar.

Date: 9/4/26

Vania S. Allen
Clerk of Court

By: April Jackson
Deputy Clerk

Form 431 – Notice of deficiency 11–2020

**IT IS ORDERED as set forth below:**

**Date: August 3, 2026**

Paul Baisier

**Paul Baisier**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | |
| **JDS-Q SERVICES, LLC,** Debtor. | CASE NUMBER 26-60117-PMB |
| | CHAPTER 7 |

**ORDER REGARDING UNPAID FILING FEES**

Petitioner, Derek Jones, filed an Involuntary Petition against the above listed debtor on July 31, 2026. The amount needed to pay the filing fee in full is $8.00. Accordingly,

IT IS ORDERED that by August 10, 2026, the Petitioner shall pay the fee in full.

**For payments by mail, remit using cashier's check, money order, or attorney's check made payable to "Clerk, United States Bankruptcy Court" to the address listed below:**

**United States Bankruptcy Court**
**1340 Richard Russell Building**
**75 Ted Turner Drive, SW**
**Atlanta, GA 30303**

**For payments made by hand delivery to a divisional office in Atlanta, Gainesville, Newnan, or Rome, note that cash is not accepted. You must remit using cashier's check, money order or attorney's check.**

**Payments may also be made online at:** https://www.ganb.uscourts.gov/online−payments

If, by the date(s) set forth above, i)the filing fee is not paid in accordance with this Order, ii) no request for an extension of time is pending; or iii) neither the Petitioner nor any party of interest has requested a hearing thereon, the Court may dismiss this case without further notice or hearing.

The Clerk will serve the Order on Petitioner and Debtor.

**[END OF DOCUMENT]**

**IT IS ORDERED as set forth below:**

**Date: August 3, 2026**

**Paul Baisier**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>**JDS-Q SERVICES, LLC,**<br><br>Alleged Debtor. | Case Number:<br>**26-60117-PMB**<br><br>CHAPTER 7 |

**ORDER AND NOTICE OF HEARING ON EMERGENCY MOTION AND DIRECTING PETITIONING CREDITOR TO (I) SUPPLEMENT PLEADINGS AND (II) SERVE PETITION AND SUMMONS**

On July 31, 2026, Derek Jones (the "Petitioning Creditor"), proceeding *pro se*, filed an involuntary petition under Chapter 7 of the Bankruptcy Code (Docket No. 1)(the "Petition") against JDS-Q Services, LLC (the "Alleged Debtor"), thereby commencing the above-captioned case. That same day, the Petitioning Creditor also filed a *Declaration of Derek Jones in Support of Involuntary Chapter 7 Petition* (Docket No. 2)(the "Declaration") and an *Emergency Motion to Perserve [sic] Property and Proceeds and to Enforce the Automatic Stay* (Docket No. 3)(the "Motion"). No order for relief has been entered in this case.

In the Motion, the Petitioning Creditor asserts that he holds a fixed and noncontingent claim against the Alleged Debtor in the amount of $50,000 arising from a signed written agreement, and that certain real property known as 1035 Lighthouse Court, Grand Prairie, Texas 75104 (the "Property") is encumbered by a deed of trust for the benefit of BD Capital SE LLC and is scheduled for a substitute trustee's foreclosure sale on August 4, 2026. In the Motion, the Petitioning Creditor cites 11 U.S.C. §§ 105(a), 303(f), and 362(a) and asks the Court to confirm that the automatic stay bars any foreclosure sale or other enforcement action against the Alleged Debtor or property of the bankruptcy estate; to direct the Alleged Debtor not to sell, transfer, convey, encumber, refinance, assign, or otherwise dispose of the Property; to direct that any proceeds connected with the Property be preserved in a segregated escrow account; to direct that the Alleged Debtor, BD Capital SE LLC, the loan servicer, SettlePou, and any substitute trustees preserve records and documents concerning the Property; and to set the Motion for an expedited hearing.

The filing of the Petition triggered the automatic stay under 11 U.S.C. § 362(a), which, among other things, bars any act to enforce against property of the Alleged Debtor a lien securing a prepetition claim, including the foreclosure sale described in the Motion. Therefore, in his Motion, the Petitioning Creditor identifies no emergency that would require the Court to conduct a hearing earlier than the date set forth below.[1]

Additionally, both the Declaration and the Motion rely on materials that have not been filed with either of them. Although the Motion states that the Alleged Debtor executed a signed agreement establishing fixed liability to the Petitioning Creditor in the amount of $50,000, the

[1] Except to the extent that the Court orders otherwise, an alleged debtor may continue to operate its business and may use, acquire, or dispose of property as if an involuntary case had not been commenced until an order for relief is entered. *See* 11 U.S.C. § 303(f). Any restriction on the Alleged Debtor's use or disposition of the Property therefore requires an order of this Court under that provision, which the Court will take up at the Hearing.

Petitioning Creditor failed to attach it to either the Motion or the Declaration or otherwise file it. Similarly, although the Petitioning Creditor asserts in his Declaration that this District is a proper venue for this case, the evidence he references in support of that assertion has not been filed.[2] Therefore, the Petitioning Creditor must supplement the Motion by filing the written agreement he purports to hold evidencing his claim, as well as the evidence he mentions in but does not attach to the Declaration showing that this District is a proper venue.

Finally, upon the filing of an involuntary petition, the Clerk's Office is to issue a summons for service upon the alleged debtor, and the summons and a copy of the petition must then be served upon the alleged debtor in the manner provided by Federal Rule of Bankruptcy Procedure 7004. *See* Fed. R. Bankr. P. 1010(a).

Accordingly, in light of the foregoing, and after review of the Petition, the Declaration, the Motion, and the docket, it is hereby

**ORDERED AND NOTICE IS HEREBY GIVEN** that the Court will hold a hearing on the Motion on the **13th day of August, 2026, commencing at 10:00 A.M. in Courtroom 1202, at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303** (the "Hearing"). It is further

**ORDERED** that, ***on or before* the 6th day August, 2026**, the Petitioning Creditor shall serve the summons and a copy of the Petition upon the Alleged Debtor as required by Federal Rule of Bankruptcy Procedure 1010(a) and shall promptly thereafter file evidence of such service with the Court. It is further

---

[2] The Petition identifies an address for the Alleged Debtor in Grand Prairie, Texas, and the Property is likewise located in Texas.

**ORDERED** that, ***on or before*** **12:00 P.M. on the 12th day of August, 2026**, the Petitioning Creditor shall file with the Court (i) a copy of the written agreement that he contends establishes the fixed and noncontingent liability of the Alleged Debtor to him in the amount of $50,000, and (ii) the evidence referenced in, but not attached to, the Declaration, showing that this District is a proper venue for this case. It is further

**ORDERED** that, at the Hearing, the Court will consider the relief requested in the Motion, including whether an order restricting the Alleged Debtor's use, acquisition, or disposition of property is appropriate under 11 U.S.C. § 303(f), and whether the Petitioning Creditor should be required to file a bond under 11 U.S.C. § 303(e) to indemnify the Alleged Debtor for such amounts as the Court may later allow under 11 U.S.C. § 303(i).

Your rights may be affected by the Court's ruling on the Motion. You should read the Motion carefully and discuss the Motion with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your view, then you and/or your attorney must attend the Hearing. You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the Hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Room 1340, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.

The Clerk's Office shall serve a copy of this Order and Notice on the Petitioning Creditor, the Alleged Debtor, the United States Trustee, and all parties served with the Motion.

**[END OF DOCUMENT]**